DORSEY & WHITNEY LLP
Bruce R. Ewing (BE-0724)
Kaydi Osowski (KO-2581)
51 West 52nd Street
New York, New York 10019
(212) 415-9200

Attorneys for Plaintiff
theScore, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THESCORE, INC.,                                       :
                                                      :          15 Civ.
                              Plaintiff,              :
                                                      :
              - against -                             :
                                                      :
                                                      :          **COMPLAINT WITH JURY**
JUSTIN JUNDA and                                      :          **DEMAND**
LAMP POST GROUP, LLC,                                 :
                                                      :
                              Defendants.             :
------------------------------------------------------------X

      Plaintiff theScore, Inc., by its attorneys, Dorsey & Whitney LLP, for its Complaint against defendants Justin Junda and Lamp Post Group, LLC, alleges as follows:

## THE PARTIES

      1.      Plaintiff theScore, Inc. ("theScore") is a corporation organized under the laws of the Province of Ontario, Canada and located in Ontario, Canada. theScore also maintains offices in New York, New York located at 41 East 11th Street, New York, New York 10003.

      2.      Upon information and belief, defendant Justin Junda ("Junda") is an individual with an address of 918 East Green Street, Pasadena, California 91106.

      3.      Upon information and belief, defendant Lamp Post Group, LLC ("LPG") is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 800 Market Street, Suite 200, Chattanooga, Tennessee 37402. Collectively, Junda and LPG shall be referred to herein as "Defendants."

## NATURE OF THE ACTION

4. This is an action for damages and injunctive relief against Defendants for trademark infringement and unfair competition under federal and New York law.

5. This action arises out of Defendants' use, in connection with mobile applications for sharing sports-related messaging and content, of the designations SCORE!, SCORE! FOR MESSENGER, SCORE! ON FRIENDS and/or SCORE! ON FRIENDS FOR MESSENGER that are likely to be confused with theScore's trademark THE SCORE and other registered trademarks containing the term "Score" that have been used and registered for services that consist of digital sports media offerings. Defendants' use of the SCORE!, SCORE! FOR MESSENGER, SCORE! ON FRIENDS and/or SCORE! ON FRIENDS FOR MESSENGER designations, or variations thereof, as described herein, is in violation of the U.S. Trademark Act of 1946, as amended (the "Lanham Act") (15 U.S.C. §§ 1051 *et seq.*) and New York common law.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332, 1338(a), 1338(b) and 1367.

7. This Court has personal jurisdiction over Defendants under CPLR 302(a)(1), in that Defendants have offered and/or made available for download in New York and this District sports-related messaging and content services under infringing designations that violate theScore's New York trademark rights, and CPLR 302(a)(3), in that Defendants have engaged in tortious activity outside the State of New York that has caused injury to Plaintiff in this State and this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## THESCORE'S BUSINESS AND TRADEMARKS

9. theScore is a provider of digital sports information and content that includes real-time news, scores, statistics and push alerts for sports, fantasy sports and e-sports. theScore's services are offered through various mobile applications and its Internet website accessible at

2

www.thescore.com and other sites.  theScore has used THESCORE as a trademark since approximately 2001 in both the U.S. and overseas.

       10.     theScore is the owner of multiple trademark registrations issued by the United States Patent and Trademark Office (the "PTO"), including

          a.     Reg. No. 2,924,688 registered on February 8, 2005, based on an application filed on March 17, 2003, for THESCORE and Design covering, *inter alia*, entertainment services, namely, providing information services relating to sports via the world wide web on the internet and through electronic mail; and entertainment services in the field of sports, namely organizing and conducting sports contests and sweepstakes and fantasy sports games and sweepstakes. This registration is incontestable within the meaning of 15 U.S.C. § 1065.

          b.     Reg. No. 3,546,936, registered on December 14, 2008, based on an application filed on March 14, 2006, for SCORE MOBILE covering providing information and entertainment services in the field of sports and sports events, namely, providing sports programming, sports news, sports information updates, web logging about sports, sports headlines, sports statistical databases, stories, editorials, sports celebrity interviews and commentary, sports contests via the Internet and wireless communications.  This registration is also incontestable within the meaning of 15 U.S.C. § 1065.

THESCORE, SCORE MOBILE and variations thereof shall be referred to herein as the "SCORE Marks."

       11.     theScore has used and is currently using the SCORE Marks, and one or more of these Marks have been used continuously in the U.S. for more than a decade.

       12.     The SCORE Marks are inherently distinctive symbols of significant goodwill among U.S. consumers and the trade belonging exclusively to theScore.  As a result of both their inherent distinctiveness and the duration of the offering of services under the SCORE Marks, both U.S. consumers and the trade associate such Marks with theScore.

13.     In addition, the Score extensively promotes the services it offers under its SCORE Marks. The services offered by theScore under its SCORE Marks are accessed by millions of U.S. consumers each year.

### DEFENDANTS' UNLAWFUL CONDUCT

14.     Upon information and belief, defendant Junda is the creator and developer of mobile applications available on the Apple App Store at https://itunes.apple.com/us/app/score!-for-messenger/id969845249?mt=8 and https://itunes.apple.com/us/app/score!-on-friends/id909739254?mt=8 (the "Apps"), that are offered under the designations SCORE!, SCORE! FOR MESSENGER, SCORE! ON FRIENDS and/or SCORE! ON FRIENDS FOR MESSENGER (the "Infringing Designations"). Upon information and belief, Junda has offered for sale, sold and/or made available for download the Apps under the Infringing Designations in interstate commerce.

15.     Upon information and belief, defendant LPG or a division thereof, together with defendant Junda, is now jointly offering for sale, selling and/or making available for download the Apps under the Infringing Designations in interstate commerce.

16.     The Apps offered under the Infringing Designations consist of a push messaging platform that allows users to share sports-related content and messages. Such services are highly related to the services provided by theScore under its SCORE Marks, which also consist of mobile applications consisting of sports content, push alerts and user communication tools.

17.     Defendants' unauthorized use of the Infringing Designations that are so similar to theScore's SCORE Marks for competitive services constitutes a deliberate attempt to misappropriate for their own ends theScore's SCORE Marks and the goodwill inherent therein, and is likely to cause consumers across the United States to wrongly believe that theScore has either sponsored, authorized or approved of services offered under the Infringing Designations, and/or that such services are associated with or are part of theScore's competitive services. Such confusion is likely to cause substantial damage to theScore, its SCORE Marks and the goodwill inherent therein in amounts to be proven at trial. Upon information and belief, such conduct on

the part of Defendants is willful, intentional and represents a bad-faith effort to trade unfairly on theScore's goodwill embodied in its SCORE Marks and/or to otherwise violate theScore's rights in such Marks.

18. theScore has no adequate remedy at law for any of the misconduct described above and will suffer irreparable harm in the absence of the relief sought herein.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement
### (15 U.S.C. § 1114(1))

19. theScore incorporates the preceding paragraphs as though fully set forth herein.

20. The actions of Defendants as described herein constitute infringement of theScore's federally registered SCORE Marks in violation of section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

21. Defendants' acts of infringement have caused theScore damage in an amount to be proven at trial. theScore seeks judgment pursuant to 15 U.S.C. § 1117 for Defendants' profits made through its unauthorized and infringing use of the SCORE Marks, for the damages sustained by theScore, for all costs necessary to remediate the infringing uses and their effects, and for the costs, expenses and reasonable attorneys' fees incurred in bringing the present action.

22. In addition, theScore seeks judgment for three times the damages awarded, due to the willful and intentional nature of Defendants' conduct, or such other compensation as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### Unfair Competition and False Designation of Origin
### in Violation of Federal Law (15 U.S.C. § 1125(a))

23. theScore incorporates the preceding paragraphs as though fully set forth herein.

24. theScore owns and enjoys common law trademark rights in its SCORE Marks and also owns multiple registrations for such Marks, which rights are superior to any rights of Defendants.

25. Defendants' use of the Infringing Designations as aforesaid constitutes a false designation of origin, passing off, misappropriation, palming off and/or misleading description or representation of fact that is likely to cause mistake, confusion and/or deception as to origin, sponsorship, authorization, creation or approval of Defendants' services, in violation of 15 U.S.C. § 1125(a).

26. As a result of Defendants' acts, theScore has suffered damages and other harm, in an amount to be proven at trial. theScore seeks judgment for Defendants' profits made from these acts, for the damages sustained by theScore, for all costs necessary to remediate the false designation of origin, passing off, misappropriation, palming off and/or misleading description or representation of fact, and for the costs, expenses and reasonable attorneys' fees incurred in bringing the present action.

27. theScore further seeks judgment for three times the amount of damages awarded, due to the nature of Defendants' conduct, or such other compensation as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF

**Common Law Trademark Infringement and Unfair Competition**

28. theScore incorporates the preceding paragraphs as though fully set forth herein.

29. In addition to the rights under the Lanham Act, theScore also has valid and existing rights under the common law with respect to its SCORE Marks that Defendants have violated by virtue of its actions as described herein.

30. Defendants' wrongful acts as described herein that were undertaken in bad faith have damaged theScore in an amount to be proven at trial.

31. theScore has suffered damages as a direct result of Defendants' conduct as described herein, for which money damages are an inadequate remedy, and such damage will continue unless the Court enjoins Defendants' use of the SCORE!, SCORE! FOR MESSENGER, SCORE! ON FRIENDS and/or SCORE! ON FRIENDS FOR MESSENGER designations.

**PRAYER FOR RELIEF**

WHEREFORE, theScore prays for the following relief:

1. That Defendants, their officers, agents, servants, partners, affiliates, subsidiaries, employees, attorneys and all others in concert or participation with them, or any of them, be preliminarily enjoined during the pendency of this action and permanently enjoined thereafter from using the designations SCORE!, SCORE! FOR MESSENGER, SCORE! ON FRIENDS, SCORE! ON FRIENDS FOR MESSENGER, any derivation therefrom, or any other designation or variation similar thereto or likely to cause confusion with theScore's SCORE Marks, in connection with the sale, offering for sale, promotion, distribution, or advertising of any goods or services, including but not limited to online or mobile sports information services, or any other conduct that violates theScore's trademark rights or amounts to unfair competition under either federal or New York common law;

2. That the Court award theScore the profits made by Defendants and/or the actual damages suffered by theScore as a result of Defendants' unlawful conduct, in amounts to be proven at trial;

3. That this Court award theScore triple the amount of the damages awarded, whether Defendants' profits, theScore's lost profits or other damages;

4. That the Court order Defendants to file with the Court and serve upon theScore's counsel within fifteen (15) days after entry of Judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the Injunction and Order;

5. That the Court award prejudgment interest as authorized by law;

6. That the Court award theScore its costs incurred in this action, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117, on the ground that this is an exceptional case;

7. That the Court grant theScore any other remedy to which it may be entitled; and

8. That the Court grant such other and further relief as it shall deem just and proper.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded for all issues so triable.

DATED: June 8, 2015

DORSEY & WHITNEY LLP

By: _____
Bruce R. Ewing (BE-0724)
Kaydi L. Osowski (KO-2581)
51 West 52nd Street
New York, New York 10019
212-415-9200

Attorneys for Plaintiff
theScore, Inc.